# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**GARY LEE WOODROFFE,** *pro se*,

    **Plaintiff,**

v.                                            Case No. 8:08-cv-1838-T-30EAJ

**ATTORNEY GENERAL, STATE OF FLORIDA, et al.,**

    **Defendants.**

_____/

## **ORDER**

THIS CAUSE comes before the Court upon motions to dismiss filed by Defendants Angela Doyle Flaherty (Dkt. 6), Judith L. Childs (Dkt. 18), and Lizabeth Lynn Lotsey[1] (Dkt. 19). Defendants Childs and Flaherty have also moved for sanctions against Plaintiff pursuant to Rule 11 of the Federal Rules of Civil Procedure. Plaintiff has filed a response to Defendants' motions to dismiss (Dkt. 28). The Court, having considered the motions, response, and supporting memoranda, and being otherwise fully advised in the premises, determines Defendants' motions to dismiss should be granted without prejudice.

In his Complaint, *pro se* Plaintiff Gary Lee Woodroffe ("Plaintiff" or "Woodroffe") alleges that "middle class white fathers such as himself are ... the ... target of unfair and oppressive enforcement of the following statutes, (1) the Florida Vexatious Litigant Statute,

---

[1] Lotsey is identified in the Complaint as "Lizabeth Lynn Lotsey Mahan," but has answered the Complaint as "Lizabeth Lynn Lotsey."

(2) the Florida Contempt Statute, and (3) Florida Child Support Enforcement Statutes (Title IV-D)." Plaintiff's Complaint at 3. As a result, Plaintiff claims middle class white fathers are deprived of equal protection of the law pursuant to 42 U.S.C. § 1981 on account of their race, economic status, and sex. Id.

In addition to claims for declaratory and injunctive relief against various state officials and judges, Plaintiff's Complaint also alleges Childs, Lotsey, and Flaherty are subject to liability pursuant to 42 U.S.C. §§ 1981, 1983, 1985, and 1986 because they

> agreed and conspired to deprive Gary Lee Woodroffe of his civil rights, knowing that he was a white middle class male without effective legal representation in a state which seeks to punish and [penalize] middle class white males and to deprive them of equal protection of the law in the name of a socialist program of state-sponsored family destruction and welfare known as Title IV-D.

Id. Plaintiff further alleges that these individuals participated in a private conspiracy by conspiring to deny Plaintiff equal access to the courts and "equal pains and penalties." Childs, Lotsey, and Flaherty have moved for dismissal of these claims for failure to state a cause of action.[2]

## **Motion to Dismiss Standard Under 12(b)(6)**

To warrant dismissal of a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, it must be "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Blackston v. State of Alabama, 30 F.3d 117, 120

---

[2]Defendant Lotsey also argues for dismissal under Fed.R.Civ.P. 12(b)(1) for lack of subject matter jurisdiction. However, Plaintiff's Complaint raises federal questions over which this Court has jurisdiction pursuant to 28 U.S.C. § 1331. Accordingly, the Court will consider whether dismissal is appropriate pursuant to Fed.R.Civ.P. 12(b)(6).

(11th Cir. 1994), quoting Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Determining the propriety of granting a motion to dismiss requires courts to accept all the factual allegations in the complaint as true and to evaluate all inferences derived from those facts in the light most favorable to the plaintiff. See Hunnings v. Texaco, Inc., 29 F.3d 1480, 1483 (11th Cir. 1994). To survive a motion to dismiss, a plaintiff's complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1960 (2007). The threshold of sufficiency that a complaint must meet to survive a motion to dismiss is exceedingly low. See Ancata v. Prison Health Servs., Inc., 769 F.2d 700, 703 (11th Cir. 1985). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S. Court. at 1959.

## **Discussion**

Plaintiff alleges three causes of action in his Complaint.[3] The first two causes of action challenge the constitutionality of several Florida Statutes. When "a plaintiff challenges the constitutionality of a rule of law, it is the state official designated to enforce that rule who is the proper defendant" because "the official represents the state whose status is being challenged as a result of the injury." American Civil Liberties Union v. The Florida

---

[3]This Order refers to Plaintiff's First, Second, and Third Causes of Action as Counts I, II, and III, respectively.

Bar, 999 F.2d 1486, 1490 (11th Cir. 1993). Accordingly, Counts I and II are dismissed to the extent they allege a cause of action against Childs, Flaherty, and Lotsey.

In Count III of his Complaint, Plaintiff alleges Childs, Lotsey, and attorneys Flaherty and Stanley Krawetz conspired to violate his civil rights under 42 U.S.C. § 1981. However, Plaintiff has failed to allege sufficient facts to state a claim for relief that is plausible on its face. Plaintiff's allegations are simply labels and conclusions. He has failed to allege specific facts in support of his conspiracy allegations. Accordingly, the Court concludes Count III of his Complaint should be dismissed. However, the Court will allow Plaintiff the opportunity to amend his Complaint to correct these defects.

In Count I, as it relates to the remaining defendants, Plaintiff asks this Court to strike down and declare unconstitutional Florida's vexatious litigant statute, Fla. Stat. § 68.093. The Eleventh Circuit "repeatedly has held that federal courts have the power to manage their dockets and curb vexations litigation." May v. Maass, 2005 WL 2298296, *3 (11th Cir. Sept. 22, 2005). Similar to Plaintiff in the instant case, the plaintiff in May sought declaratory judgment that Florida's vexatious litigant statute was unconstitutional. The Eleventh Circuit affirmed a district court's dismissal of the case due to the plaintiff's failure to comply with court orders and restrictions on his filings that had been issued pursuant to Florida's vexatious litigation statute. Id. As such restrictions set forth under the statute have thus been approved by the Eleventh Circuit, the Court determines that Count I of Plaintiff's Complaint should be dismissed in its entirety.

In Count II of his Complaint, Plaintiff challenges the constitutionality of Sections 61.14 and 409.016 *et seq.* of the Florida Statutes, relating to the enforcement of child support and alimony obligations. Plaintiff alleges these statutory provisions violate the First, Fifth, Sixth, Seventh, Ninth, and Fourteenth Amendments to the United States Constitutions.

In Pompey v. Broward County, 95 F.3d 1543, 1545 (11th Cir. 1996), the Eleventh Circuit addressed similar arguments raised by five fathers who were incarcerated by the Broward County Circuit Court for failure to pay child support. The plaintiffs filed suit pursuant to 42 U.S.C. § 1983 against the county, a county agency, a county administrator (in his official and individual capacity), and the family division judges of the Broward County Circuit Court, contending the contempt proceedings violated the Sixth and Fourteenth Amendments to the United States Constitution. The plaintiffs sought equitable relief from the federal court, requesting it to order state court judges to (I) inform indigent parents of a right to court-appointed counsel at contempt hearings, (ii) appoint counsel to all indigent parents appearing at a contempt hearing, and (iii) inquire specifically about each parent's ability to pay the child support amounts in arrears.[4] Id. at 1549.

In addressing the issue, the Eleventh Circuit considered such an injunction would be unwise because it would be "at once an insult to the [state judges] . . . and an empty but potentially mischievous command to these officials to avoid committing any errors." Id. at 1549-50 (quoting Hoover v. Wagner, 47 F.3d 845, 851 (7th Cir. 1995)). The Eleventh

---

[4]Florida law already required judges to make the inquires described in the third form of relief requested.

Circuit discussed additional conflicts such a holding would create between federal and state courts, including the possibility that state judges could be held in contempt for failure to comply with such an order, discussing further that

> [t]hose are some of the problems that would arise if the federal district court were to arrogate to itself the role of overseer of Broward County's child support enforcement proceedings. Considerations of those problems vindicates the wisdom of the Framers in reserving to only one federal court, the Supreme Court, the authority to review state court proceedings. Neither federal district courts nor federal courts of appeals may usurp the authority and function of the Supreme Court and state appellate courts to review state court proceedings. The state courts are courts of equal dignity with all of the federal "inferior courts"-to use the Framers' phrase-and state courts have the same duty to interpret and apply the United States Constitution as we do. If the state courts err in that respect, the remedy lies in review by the Supreme Court, the same place a remedy may be found if we err. Federal "inferior courts" have no more business issuing supervisory injunctions to safeguard federal constitutional rights in state court proceedings than state courts have issuing such injunctions to safeguard federal constitutional rights in federal court proceedings.

Id. at 1550.

While Plaintiff's constitutional challenges in the instant case differ in part from those in Pompey, the same principles apply. Accordingly, the Court declines to enjoin Florida state courts from enforcing Florida's child support and alimony statutes, and further declines to hold said statutes unconstitutional. Thus, Count II of Plaintiff's Complaint should be dismissed in its entirety.

It is therefore ORDERED AND ADJUDGED that:

1. The motions to dismiss filed by Defendants Angela Doyle Flaherty (Dkt. 6), Judith L. Childs (Dkt. 18), and Lizabeth Lynn Lotsey[5] (Dkt. 19) are **GRANTED**.

2. Plaintiff's Complaint is **DISMISSED without prejudice**.

3. Plaintiff shall have twenty (20) days to amend his Complaint, failing which this case shall be closed without further notice.

4. The Court will defer ruling on Defendant's motions for sanctions pending Plaintiff's filing an Amended Complaint.

**DONE** and **ORDERED** in Tampa, Florida on February 9, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2008\08-cv-1838.mt dismiss.frm

---

[5] Lotsey is identified in the Complaint as "Lizabeth Lynn Lotsey Mahan," but has answered the Complaint as "Lizabeth Lynn Lotsey."